IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE GENSMER, on behalf of Herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:18-CV-00361 ) |
| CAPITAL ONE N.A., | ) ) |
| Defendant. | ) ) |

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
AND TO REOPEN CASE**

Plaintiff **COMES NOW** and moves the Court to reopen her case and for leave to file a First Amended Complaint ("FAC").

### INTRODUCTION

On December 17th this case was dismissed without prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because the case was dismissed without prejudice, ordinality Plaintiff would be free to file a new case. Here, however, that option is not available because of the one-year statute of limitations found at 15 U.S.C. § 1640(e). Plaintiff has prepared an Amended Complaint that she believes addresses the issues raised by the court in its order of December 17, 2018 (Doc. 19). However, her claims and those of unnamed class members will be barred it the present case is not reopened.

### ARGUMENT AND CITATIONS

Plaintiff, pursuant to Rule 15(a)(2), *Federal Rules of Civil Procedure*, requests leave file an Amended Complaint correcting the name of Defendant, initially "Capital One N.A." The

1

correct name is "Capital One Bank (USA), N.A". (hereinafter "Capital One"). In addition, the FAC describes Plaintiff's cause of action more clearly but does not add any new causes of action. The proposed Amended Complaint is filed herewith as Exhibit One.

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires [.]" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Moreover, "[t]he Eleventh Circuit has explained that such leave should be "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc[.]" *Herring v. Beasley*, No. 2005 WL 1475304, at *2 (S.D. Ala. June 21, 2005). (Citations omitted). None of the "countervailing factors" is present here.

If the court finds that the proposed FAC states a cause of action it should reopen this case and has authority to do so under Fed.R.Civ.P. 60(b) or 59(e). "Rule 60(b) is to be given a liberal and remedial construction." *Nisson v. Lundy*, 975 F.2d 802, 807 (11th Cir. 1992). "Moreover, A party may move for relief from a judgment for "any ... reason that justifies relief," *Junhao Su v. Fla. Int'l Univ.*, 540 F. App'x 959, 960 (11th Cir. 2013) (Citation omitted).

**WHEREFORE** Plaintiff moves the Court for an Order reopening this case and allowing her Amended Complaint.

Respectfully Submitted,

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, AL 36532
Telephone: 251-990-5558

2

Email: epunderwood@alalaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on January 7, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record.

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.  (UNDEE6591)